UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Malik Dominick, | ) Civil Action No.: 4:16-cv-1504-RBH-TER |
|                Plaintiff, | ) |
| -vs- | ) **REPORT AND RECOMMENDATION** |
| Lt. Maureen Valazak, | ) |
|                Defendant. | ) |

**PROCEDURAL BACKGROUND**

Plaintiff, proceeding pro se, file this action under 42 U.S.C. § 1983[1] on May 9, 2016, alleging a violation of his constitutional rights. On November 8, 2016, Defendant filed a motion for summary judgment along with a memorandum and exhibit in support thereof. (Doc. # 23). As the Plaintiff is proceeding pro se, the court issued an order on or about November 9, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately to Defendant's motion. (Doc. # 24). The Roseboro order was returned to the Clerk of Court's office via United States Postal Service on November 21, 2016, marked "Return to sender; insufficient address." (Doc. # 27). Plaintiff has not responded to the motion or provided the court with an updated address.[2]

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] Plaintiff filed his complaint on May 9, 2016. On May 16, 2016, Plaintiff filed a notice of change of address with the court. (Doc. # 6). However, the mail forwarded to this address by the Clerk of Court has been returned each time to the Clerk of Court's office via United States Postal Service due to an insufficient address. (See Docs. #14, #19, #27).

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert. denied</u> 493 U.S. 1084 (1990); <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion for summary judgment or the Court's orders requiring him to respond and has failed to provide the court with a correct updated address. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) with prejudice.

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

December 20, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**